JESSE MILLS AND SARAH MILLS

*v.*

J. C. WOODS

(No. 10206)

Submitted January 17, 1950. Decided February 21, 1950.

*Kingdon & Kingdon, Arthur R. Kingdon,* for appellants.
*Bailey, Worrell & Bailey, R. D. Bailey,* for appellee.

RILEY, JUDGE:

Jesse Mills and Sarah Mills brought this suit in equity in the circuit court of Wyoming County against J. C. Woods for the purpose of annulling, cancelling and removing as a cloud upon plaintiffs' title a certain deed executed by William A. Woods on August 13, 1948 to the defendant J. C. Woods. From a decree dismissing plaintiffs' bill of complaint and holding that J. C. Woods is the owner in fee simple of the property in controversy, the plaintiffs prosecute this appeal.

A summary proceeding was instituted by Ethel Lusk, guardian, against Sarah Lusk, and others, in the circuit court of Wyoming County, having for its purpose the sale of the real estate, of which Bennet Lusk died intestate seized and possessed, owned by the children of Bennet Lusk and Ethel Lusk as the heirs at law of the said Bennet Lusk, deceased, Ethel Lusk having a dower consummate estate therein; the children of Bennet Lusk and Ethel Lusk being, at the time of the infants' proceeding, under twenty-one years of age.

On January 12, 1942, Ethel Lusk, as guardian of said children, filed her petition in said proceeding asking for authority to sell, either at private or public sale, the property in controversy.

Peggy Jane Woods, the wife of Wm. A. Woods, the grantor in the conveyance from William A. Woods to the defendant J. C. Woods, the deed sought to be set aside, purchased the property at private sale for the sum of $75.00, which sale was reported to the Court by the special commissioner. This report, though referred to in the brief of counsel for the defendant, is not contained in the record

herein. On January 12, 1942, the circuit court entered an order in said proceeding confirming the sale of the property to Peggy Jane Woods which order authorized and empowered the special commissioner to make and deliver a deed for the property to Peggy Jane Woods and recites that Ethel Lusk, widow of Bennet Lusk, deceased, is interested in the property, joined in the deed of conveyance and recommended a confirmation of the sale. Ethel Lusk joined in the special commissioner's deed for the purpose of releasing her dower interest.

Pursuant to the order confirming the sale, on January 13, 1942, the special commissioner executed a deed to Peggy Jane Woods in which the last paragraph provided:

"It is further understood that in the event of the death of said Peggy Jane Woods before that of her husband, Wm. A. Woods, that said Wm. A. Woods shall be vested with title to said lot."

Peggy Jane Woods is the only person named in the premises of the deed, the recital clauses thereof, and in the granting clause. The granting clause reads "doth grant unto the said Peggy Jane Woods."

On January 3, 1942, Ethel Lusk addressed a letter to R. D. Bailey, Esq., petitioner's attorney in the infant proceeding and the special commissioner, who executed the deed under consideration, directing him to prepare for her a deed for the property in question "to Peggy Jane Woods, consideration seventy-five ($75). She wishes a clause to the effect that in case of her death before that of her husband, William H. Woods, [Wm. A. Woods], the property to go to him."

On April 1, 1948, Peggy Jane Woods conveyed the property to plaintiffs in fee simple. On July 27, 1948, Peggy Jane Woods died survived by her husband Wm. A. Woods and on August 13, 1948, Wm. A. Woods conveyed the property in question to his son the defendant J. C. Woods. There is other evidence in the record concerning the status of the parties, the circumstances under which, and the reasons advanced for, the conveyances in question

which, as we view the case, do not bear on the questions before us and need not be recited in this opinion.

The questions involved on this appeal are (1) Whether the final paragraph in said deed providing for a limitation over of the fee simple title to Wm. A. Woods, not being expressly authorized in the order confirming the sale, is void; and (2) whether, under Code, 36-1-16, dealing with interest in property coupled with a power of disposal, the limitation over to Wm. A. Woods ever became operative since Peggy Jane Woods had prior to her death executed her power by transfer to the plaintiffs in this case.

Addressing ourselves to the first question involved upon this appeal, namely, whether the final paragraph of the special commissioner's deed providing for a limitation over in fee simple in the property in controversy to Wm. A. Woods, defendant's immediate grantor, in the event that Peggy Jane Woods should predecease him, is valid, we are of opinion that the authority of the special commissioner is limited and defined by the decree of the circuit court confirming the sale of the land in controversy to Peggy Jane Woods and directing the special commissioner to execute a deed to her. The evidence, in this record, purporting to show that Peggy Jane Woods properly authorized and consented to the insertion of the controverted paragraph in the special commissioner's deed, has no place in the consideration of this case. It is our opinion that the deed of the special commissioner must conform strictly and in all respects to the directions of the circuit court confirming sale and directing execution of the deed. In the case of *Walton* v. *Hale,* 9 Gratt. (Va. 1852) 194, having been decided before the formation of this State, is binding precedent in this jurisdiction the same as though it had been decided by this Court there being no West Virginia case to the contrary. In that case the Virginia court held that the conveyance of the land by a special commissioner to persons other than those named as purchasers in the order of the court confirming the sale is void. If such a variance between terms

and conditions of the order confirming the sale and the deed of conveyance made thereunder is void as held in the *Walton* v. *Hale* case, the instant variance by the incorporation in the special commissioner's deed of the last paragraph providing for a limitation over of the fee simple in said land to Wm. A. Woods in the event that Peggy Jane Woods should predecease him, is void and of no force and effect. And we so hold. It follows that under the special commissioner's deed Peggy Jane Woods took title in fee simple to the property in question, subject, however, to the dower interest which Wm. A. Woods has therein as a surviving husband of Peggy Jane Woods. And, therefore, the latter's conveyance to the plaintiffs served to vest in them, subject to said dower interest, title in fee simple to the property. And the subsequent purported conveyance of the property by Wm. A. Woods to his son, the defendant J. C. Woods only served to convey to the grantee therein the grantor's dower interest as the surviving husband of Peggy Jane Woods. And in all other respects the defendant's deed is of no force and effect and *pro tanto* the conveyance should be set aside and annulled.

This holding renders all other questions asserted by counsel moot.

For the foregoing reasons, we reverse the decree of the circuit court and remand this cause for further proceedings consonant with the principles herein enunciated.

*Reversed and remanded.*